# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

DARA S. O'CONNOR,

        Defendant.

Case No. 26-00214-01-CR-W-SRB

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement that upon acceptance binds the Court to impose a sentence of a term of imprisonment between 2 years and 5 years, 3 years of supervised release, and a mandatory $100 special assessment:

1.       **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri ("the Government") and Dara S. O'Connor ("the defendant"), represented by James R. Hobbs and Marilyn B. Keller. The defendant understands and agrees that this plea agreement is only between the defendant and the Government and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified.

2.       **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count One of the Information that charges the defendant with violating 26 U.S.C. §§ 5845(a)(8) and (f), 5861(d), and 5871, that is, unlawful possession of an unregistered firearm, that is a destructive device, commonly referred to as a Molotov cocktail. By entering into this plea agreement, the defendant admits to committing this offense and to being guilty of this offense.

3. **Statutory Penalties.** The defendant understands Count One of the Information carries the following maximum penalties: not more than 10 years' imprisonment, not more than 3 years' supervised release, a fine of not more than $250,000, and a $100 mandatory special assessment that must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C Felony and that restitution must be ordered as further described below.

4. **Factual Basis for Guilty Plea.** The parties stipulate that the following facts are true and establish both a factual basis for the defendant's guilty plea and the defendant's guilt beyond a reasonable doubt:

On February 12, 2026, at approximately 5:45 p.m., Dara Susan O'Connor ("O'Connor" or the "defendant") approached a warehouse located at 14901 Botts Road in Kansas City, Jackson County, Missouri, within the Western District of Missouri. The warehouse was owned by Platform I QOZB Property – RG Industrial IV, LLC ("Platform"). Prior media reporting had indicated that the federal government attempted to purchase the warehouse. Immigration and Customs Enforcement ("ICE") wanted to utilize the real estate to house illegal aliens during the adjudication of their removal proceedings. That real estate transaction, however, did not occur.

Local news agencies were present at 14901 Botts Road in Kansas City, Missouri, to record a segment detailing the fact that ICE was unable to purchase the real estate. Shortly before going on air with the television broadcast, news agency employees saw O'Connor approach the building. The news agency employees video recorded O'Connor as she threw two incendiary devices, colloquially known as Molotov cocktails, at the building. The incendiary devices had cloth wicks that were not lit when the defendant threw the incendiary devices. After multiple attempts at throwing the incendiary devices at the building, both bottles shattered, and the flammable liquid contained in the devices spread over the surface of the building. The defendant then used fire to ignite the flammable liquid that was on the building, which started a fire. O'Connor then attempted to spread the fire by squeezing a bottle that contained an accelerant which caused the accelerant to spray out of the bottle and spread the fire.

After initiating the fire, the defendant then sat on a nearby curb and was observed using her cellular phone for a few minutes. The fire started by the defendant went out after a few minutes. The defendant then left the area in her vehicle.

2

Due to O'Connor's actions, Platform incurred a total loss of $43,612, which included estimates for building repair, building cleaning, and additional security for the warehouse and certain senior executives of the company.

Below are several screenshots of the defendant that were taken at the scene of the attempted arson.

Screenshot of the defendant arriving at 14901 Botts Road in Kansas City, Missouri:



Screenshot of the defendant throwing an incendiary device at the building:

3



Screenshot of the defendant igniting accelerant on the building:



Screenshot of the defendant squeezing a bottle of accelerant in an attempt to spread the fire.



O'Connor knowingly possessed the Molotov cocktails. O'Connor knew that the Molotov cocktails were incendiary weapons intended to spread fire. O'Connor admits that the Molotov cocktails were firearms as defined by federal law as they were destructive devices as defined by 26 U.S.C. § 5845. Further, the defendant admits that her intent was to destroy by fire the building located at 14901 Botts Road in Kansas City, Jackson County, Missouri, within the Western District of Missouri.

The Burau of Alcohol, Tobacco, Firearms and Explosives ("ATF") confirmed the Molotov cocktails were not registered to O'Connor in the National Firearms Registration and Transfer Record. Additionally, O'Connor did not have any firearm registered in the National Firearms Registration and Transfer Record. Under federal law, the two Molotov cocktails that the defendant possessed on February 12, 2026, were each required to be registered to the defendant and neither incendiary device was registered.

5.       **Use of Factual Admissions and Relevant Conduct.** The defendant understands and agrees that the facts contained in ¶ 4 and other portions of this plea agreement, as well as admissions the defendant makes during the change of plea hearing, will be used to determine the defendant's guilt and the defendant's advisory sentencing range under the United States Sentencing Guidelines. The defendant likewise understands and agrees that the conduct charged in any dismissed counts of the Information and all other uncharged related criminal activity may

5

be considered as "relevant conduct" for purposes of calculating the defendant's advisory sentencing range under the Guidelines.

The defendant further understands that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant during plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights that arise under those rules and agrees that any such statements, as well as the facts contained in ¶ 4 and other portions of this plea agreement, may be used against the defendant at any time and in any proceeding should the defendant withdraw from this plea agreement.

6. **Sentencing Procedures.** The defendant understands that in determining the appropriate sentence, the Court must consider the United States Sentencing Guidelines. While the Guidelines are advisory, and the Court ordinarily would have the discretion to impose any reasonable sentence authorized by law, whether above or below the advisory sentencing range, in this instance the parties agree, pursuant to Rule 11(c)(1)(C), that the Court must impose the following sentence: a term of imprisonment between two and five years, three years' supervised release, a $100 mandatory special assessment. The parties understand that if the Court accepts this plea agreement, that the Court will order the United States Probation Office to conduct a presentence investigation and the Court will preside over a sentencing hearing in which it could sentence the defendant to no lower than two years of imprisonment and no higher than five years of imprisonment. The parties further acknowledge that any sentencing within the range of two to five years of imprisonment would be a reasonable sentence. The parties may recommend a sentence anywhere within the range of two to five years of imprisonment, even if such recommendation would constitute a variance from the Guidelines range deemed applicable by

6

the Court. The parties further agree that the defendant must pay full restitution in the amount of $43,612. If the court accepts this plea agreement, it must inform the defendant that it will impose that sentence in accordance with this agreement. If the court rejects this plea agreement, it must inform the parties of its rejection, advise the defendant that the Court is not required to impose that sentence in accordance with this agreement, give the defendant an opportunity to withdraw the guilty plea entered under this agreement, and further advise the defendant that if the plea is not withdrawn, the Court may dispose of the case less favorably toward the defendant than this agreement contemplated.

The defendant further understands that the Court will find facts by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the defendant's advisory sentencing range under the Guidelines. The defendant waives any right to a jury finding beyond a reasonable doubt of all facts used to determine the sentence imposed and waives any right to have those facts alleged in the Information. The defendant also understands that in finding the facts relevant to the imposition of the defendant's sentence, the Court may consider any reliable information, including hearsay. The defendant likewise understands that any term of imprisonment the Court may impose will not allow for parole and that in addition to a term of imprisonment the Court may impose a term of supervised release. The defendant further understands that a violation of a condition of supervised release could result in the Court imposing an additional term of imprisonment as well as an additional term of supervised release to follow, both subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7.      **Government's Agreements.** Based upon evidence in its possession at this time, the Government agrees not to pursue any additional charges against the defendant for any federal

criminal offenses related to the defendant's actions on February 12, 2026, for which it has venue and that arose out of the defendant's conduct described above.

The defendant understands that this plea agreement does not foreclose any prosecution for murder or attempted murder; physical or sexual violence; aiding and abetting, attempting, soliciting, or conspiracy to commit murder or physical or sexual violence; and any criminal activity currently unknown to the Government.

8. **Preparation of Presentence Report.** The defendant understands and agrees the Government will provide the Court and the United States Probation Office a version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant will plead guilty. The Government may respond to comments made or positions taken by the defendant or the defendant's counsel and may correct any misstatements or inaccuracies.

9. **Withdrawal of Plea.** Except for change of plea hearings before a United States Magistrate Judge, either party reserves the right to withdraw from this plea agreement at any time prior to the United States District Judge formally accepting the defendant's plea of guilty. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible.

If the defendant waives the right to plead guilty before a District Judge and consents to plead guilty before a United States Magistrate Judge, then the parties' rights to withdraw from this plea agreement for any reason terminate upon the Magistrate Judge's completion of the change of plea hearing with a recommendation that the guilty plea be accepted.

After the District Judge accepts the defendant's guilty plea, or the Magistrate Judge completes the change of plea hearing, the defendant may withdraw the plea only if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts the plea, the defendant may not withdraw the plea solely because of the nature or length of the sentence imposed, including if the Court imposes a sentence that is outside the defendant's advisory sentencing range under the United States Sentencing Guidelines or a sentence that the defendant does not expect, like, or agree with.

10.      **Agreed Guidelines Applications.** With respect to the application of the United States Sentencing Guidelines to this case, the parties stipulate and agree as follows:

 a. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2K2.1(a)(5), which provides for a base offense level of 18.

 b. Pursuant to U.S.S.G. § 2K2.1(b)(3)(B), there is a 2-level enhancement because the offense involved a destructive device.

 c. The Government believes a 4-level enhancement for the defendant possessing the firearm in connection with another felony offense is applicable pursuant to U.S.S.G. § 2K2.1(b)(6)(B). The defendant reserves the right to contest the applicability of this enhancement.

 d. The defendant has admitted guilt and clearly accepted responsibility for the defendant's actions, entitling the defendant to a two-level reduction pursuant to U.S.S.G. § 3E1.1(a). In addition, the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Consequently, if the Court finds the defendant's total offense level to be 16 or higher, the defendant is entitled to an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b). This plea agreement constitutes the Government's written motion with the Court for that reduction. This motion will be withdrawn, and the Government will be free to withdraw its recommendation that the defendant receive any reduction for acceptance if, after entering into this plea agreement, the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and the defendant's pretrial release, (2) attempts to withdraw the defendant's guilty plea, (3) violates the law, or (4) otherwise engages in conduct inconsistent with the defendant's acceptance of responsibility as described in U.S.S.G. § 3E1.1 and its commentary.

e. The parties have not reached an agreement regarding the defendant's criminal history category. The parties agree that the Court will determine the defendant's applicable criminal history category after receipt of the presentence report prepared by the United States Probation Office. The parties reserve the right to contest that determination.

f. The parties acknowledge and agree that there are no agreements between the parties with respect to any Guidelines issues other than those specifically listed in this paragraph, including its subparagraphs. As to any other Guidelines issues, the parties are free to advocate their respective positions before the Court.

11. **Restitution.** The defendant understands and agrees that the Court must order restitution to the victims of the offense to which the defendant is pleading guilty and that the Court may order restitution in connection with the conduct charged in any dismissed counts or any uncharged related criminal activity. The defendant further understands that the Government may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order or fine the Court imposes. Pursuant to 18 U.S.C. § 3663(a), the defendant further agrees that she will restitution to Platform in the amount of $43,612. As of the date of this agreement, the defendant has paid this restitution in full and provided documentation of the payment to the Government.

12. **Government's Reservation of Rights.** The Government reserves the right to comment on the evidence supporting the offense conduct in this case and the right to oppose any position advanced by the defendant at sentencing that might be inconsistent with this plea agreement. The Government also reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The Government further reserves the right to oppose, when consistent with this plea agreement, any arguments the defendant might advance on direct appeal or in post-conviction proceedings. In particular, the Government remains free to defend the legality and

10

propriety of the defendant's sentence on appeal or collateral attack, even if the Court chooses not to follow any recommendation made by the Government.

13.    **Waiver of Constitutional Rights.** The defendant understands that a guilty plea is a complete and final admission of guilt, that by pleading guilty the defendant waives certain constitutional rights, and that the Court will adjudge the defendant guilty without a trial. In particular, the defendant acknowledges being advised of, understanding, and knowingly and voluntarily waiving (1) the right to plead not guilty and to persist in a plea of not guilty; (2) the right to be presumed innocent until the defendant's guilt has been established beyond a reasonable doubt at trial; (3) the right to a jury trial; (4) the right to be represented by, and receive the effective assistance of, counsel—and if necessary, have the Court appoint counsel— at trial and at every stage of the proceeding; (5) the right to confront and cross-examine adverse witnesses at trial; (6) the right to be protected from compelled self-incrimination; and (7) the rights to testify, to present evidence, and to compel or subpoena a witness to appear on the defendant's behalf at trial.

14.    **Loss of Rights.** The defendant understands that by pleading guilty to a felony offense the defendant will lose the right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury. The defendant further understands that during the change of plea hearing, the Court may ask the defendant questions about the offense underlying the defendant's guilty plea, and if the defendant answers those questions under oath and in the presence of counsel, the defendant's answers may later be used against the defendant in a prosecution for perjury or making a false statement.

**15.** **Waiver of Pre-Trial Motions.** The defendant understands the right to file certain pre-trial motions and knowingly and voluntarily withdraws any pending motions, waives the right to have any pending motions resolved, and waives the right to file any additional pre-trial motions in this case. This waiver includes, but is not limited to, any motions based on the statute of limitations, the Speedy Trial Act, or any grounds enumerated in Federal Rule of Criminal Procedure 12(b)(3).

**16.** **Waiver of Appellate and Post-Conviction Rights.** The defendant understands and acknowledges the right to directly appeal the conviction or sentence in this case and any right to challenge the conviction or sentence collaterally through post-conviction proceedings, including through proceedings under 28 U.S.C. § 2255, 28 U.S.C. § 2241, and *corum nobis*. In exchange for the concessions made by the Government in this plea agreement, the defendant knowingly and voluntarily waives all rights to directly appeal or collaterally attack the conviction or sentence on any non-jurisdictional ground except (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) a sentence greater than the statutory maximum. These are the only non-jurisdictional grounds for direct appeal or collateral attack not waived by this plea agreement.

The grounds for direct appeal or collateral attack that are waived include, but are not limited to, the following: sentencing errors such as a misapplication of the United States Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence; any restitution or forfeiture order; any challenge to the constitutionality of the statute or statutes to which the defendant is pleading guilty or under which the defendant is sentenced; any argument that the defendant's admitted conduct does not fall within the scope of the statute or statutes to which the defendant is pleading guilty; any argument that the defendant's plea was not

12

voluntary; and any argument that the defendant's constitutional rights were violated, other than due to ineffective assistance of counsel or prosecutorial misconduct.

If, however, the Government exercises its right to appeal the sentence imposed under 18 U.S.C. § 3742(b), the defendant is released in part from this waiver and may cross-appeal the sentence imposed as allowed under18 U.S.C. § 3742(a) with respect to any issues that have not been agreed upon in this agreement.

The defendant acknowledges discussing this appeal waiver with counsel and understanding its terms. The defendant waives any explanation of the terms of this waiver under Federal Rule of Criminal Procedure 11(b)(1)(N).

**17.**      **Waiver of FOIA Request.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974.

**18.**      **Defendant's Breach of Plea Agreement.** If the Court determines the defendant committed any crime or violated any condition of release between the signing of this agreement and the date of sentencing; failed to appear for sentencing; provided intentionally misleading, incomplete, or untruthful information to the Government, the United States Probation Office or the Court; or otherwise breached any term of this plea agreement, the Government will be released from its obligations under this agreement and will retain the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant, however, will remain bound by the terms of this agreement, and will not be allowed to withdraw the guilty plea entered pursuant to this agreement. The defendant likewise will waive the right to challenge the initiation of the dismissed or additional charges following a finding of breach, including by asserting a statute of limitations defense.

13

**19.**     **Defendant's Representations.** The defendant acknowledges entering into this plea agreement freely and voluntarily after receiving the effective assistance, advice, and approval of counsel. The defendant acknowledges being satisfied with the assistance of counsel and that counsel has fully advised the defendant of the rights and obligations arising from this agreement. The defendant further acknowledges that no threats or promises, other than the terms and conditions of this agreement, have been made by the Government, the Court, the defendant's counsel, or any other person to induce the defendant to enter a plea of guilty.

**20.**     **No Undisclosed Terms.** The parties agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties and that any purported term or condition not expressly set forth in this agreement, or an in camera supplement, is not enforceable.

**21.**     **Self-Surrender.** Provided the defendant does not breach the plea agreement (see paragraph 18 of this agreement) or violate conditions of bond placed on her by the Court, the Government will not move to detain the defendant after the defendant's change of plea. Additionally, if the defendant does not breach the plea agreement nor violates any conditions of

14

bond imposed by the Court, the United States will not object to the defendant self-surrendering to the Bureau of Prisons as directed by the Court.

R. Matthew Price
United States Attorney

Dated: 5/7/26

William A. Alford III
Assistant United States Attorney

I have consulted with my attorneys and fully understand all of my rights with respect to the offense charged in the Information. Further, I have consulted with my attorneys and fully understand my rights with respect to the provisions of the United States Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorneys. I understand this plea agreement and I voluntarily agree to it.

Dated: 5/7/26

Dara S. O'Connor
Defendant

We are defendant Dara S. O'Connor's attorneys. We have fully explained to our client her rights with respect to the offense charged in the Information. Further, we have reviewed with our client the provisions of the United States Sentencing Guidelines which might apply in this case. We have carefully reviewed every part of this plea agreement with our client. To our knowledge, Dara S. O'Connor's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 5/7/26

James R. Hobbs
Attorney for Defendant

Dated: 5/7/26

Marilyn B. Keller
Attorney for Defendant

15