**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARA S. O'CONNOR,<br><br>Defendant. | Case No. 26-00214-01-CR-W-SRB |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through R. Matthew Price, United States Attorney, and William A. Alford III, Assistant United States Attorney, respectfully provide the Court with the following memorandum of law in anticipation of the sentencing of Defendant Dara S. O'Connor.

## I. INTRODUCTION

Sentencing in this case is scheduled for Tuesday, September 29, 2026, at 10:00 a.m., before the Honorable United States District Court Judge Stephen R. Bough. As explained below, the Government recommends that the Court impose a sentence that is sufficient, but not greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a). For the reasons detailed in this sentencing memorandum, the Government recommends that the Court accept the terms of the binding plea agreement, but sentence the defendant at the high-end of the sentencing range agreed to by the parties. This sentence would constitute an upward variance above the Guidelines range deemed applicable by the U.S. Probation Office. Specifically, the United States recommends that the Court sentence the defendant as follows: to serve 60 months' imprisonment, three years of supervised release, and a $100 mandatory special assessment.

## II. PROCEDURAL HISTORY

On May 7, 2026, Defendant Dara S. O'Connor waived indictment and pled guilty to a one-count information charging her with unlawful possession of an unregistered firearm, specifically an incendiary device, in violation of 26 U.S.C. §§ 5845(a)(8) and (f), 5861(d), and 5871. (PSR ¶ 1.)[1] The defendant pled guilty pursuant to a binding plea agreement under Federal Rule 11(c)(1)(C). Pursuant to the plea agreement, if the Court accepts its terms, the Court must impose a term of imprisonment between two to five years, three years of supervised release, and a mandatory $100 special assessment. (PSR ¶ 1; Doc. 11.) The parties are free to make any sentencing recommendation within that range, to include recommending a sentence that would constitute a variance from the applicable Guidelines range. *Id*.

## III. SENTENCING RECOMMENDATIONS

### A. Advisory Sentencing Guideline Calculation

On July 30, 2026, the Probation Office filed its final PSR. (Doc. 16.) The Probation Office determined the defendant's total offense level to be 21 with a Criminal History Category I. (PSR ¶¶ 29, 61.) The Probation Office calculated the Guidelines range to be 37 to 46 months' imprisonment. (PSR ¶ 61.)

The Government concurs with the Probation Office's Guidelines computations and the defendant withdrew any objections.

[1] This plea agreement was made after extensive plea negotiations in which the Government thoughtfully considered the mitigating issues that the defendant raises in her sentencing memorandum. In consideration of the defendant's background and characteristics, in addition to the sentiment of the victim who have received restitution, the United States reached this plea resolution rather than prove the readily provable offense of attempted malicious destruction of a building in violation of 18 U.S.C. § 844(i), an offense that carries a mandatory five-year term of imprisonment and a crime which also has far negative consequences related to the ability to obtain good time credit from the Bureau of Prisons. In other words, in reaching this plea agreement, the defendant has already received a substantial benefit that recognizes the mitigating factors she details in her sentencing memorandum.

## B. Sentencing Considerations under 18 U.S.C. § 3553(a)

### *1. The History and Characteristics of the Defendant*

The Court is required to consider Defendant O'Connor's history and characteristics prior to imposing sentence. 18 U.S.C. § 3553(a)(1). Defendant O'Connor has no prior criminal history and is in criminal history category I. (PSR ¶¶ 30.) Additionally, the United States is fully aware of the other mitigating issues detailed in the defendant's sentencing memorandum, but for privacy reasons it will not reiterate those factors in this memorandum. As stated above, the defendant's background and characteristics coupled with her acceptance of responsibility and her payment of restitution to the victim in this case are the reasons why the United States agreed to enter into a plea agreement that will have far less of a punitive impact on the defendant than had the United States pursued the most egregious and readily provable offense.

### *2. The Need to Protect the Public From Future Crimes by the Defendant*

The Court is required to consider whether a particular sentence is necessary to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1)(C). The defendant's offense conduct which gave rise to the case before the Court is admittedly the only known crime ever committed by the defendant. This offense conduct, however, was inherently dangerous to the community. Although the defendant's attempted arson failed, it was her intent to destroy an enormous warehouse. Had the defendant been successful in her attempt, she would not have only caused millions of dollars in property damage, but she would have put an unknown number of persons at risk of serious bodily injury and possibly death. First responders called to the scenes of arson are commonly put in harm's way and sometimes such incidents lead to death. See https://www.kcur.org/news/2018-09-21/woman-who-set-fire-to-her-kansas-city-salon-killing-

firefighters-sentenced-to-74-years.

3. *The Nature and Circumstances of the Offense*

The Court is required to consider the nature and circumstances of the offense of conviction. 18 U.S.C. § 3553(a)(1). The Court is also required to consider the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). As mentioned above, the defendant's attempted arson posed a great risk to the community and the nature of the offense warrants a sentence at the high-end of the sentencing range agreed to by the parties. When considering the nature of the offense, it is important to consider the defendant's motive. The target of the defendant's arson was a warehouse whose owners were considering whether to sell the real estate to Immigration and Customs Enforcement ("ICE"). Although the owners had decided not to engage in such a sale prior to the defendant's attempted arson, clearly the defendant's motive was designed to thwart the federal government's intent to utilize the property. In other words, the defendant engaged in a violent criminal act that posed a danger to human life with the purpose of influencing, intimidating, coercing, and affecting the policy and conduct of the federal government. In other words, the attempted arson was an act of domestic terrorism. *See* 18 U.S.C. § 2331(5). As such, a sixty-month sentence would appropriately address the serious nature of the defendant's crime.

4. *The Need to Afford Adequate Deterrence to Criminal Conduct*

The Court is required to consider what type of sentence is needed to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B). A substantial sentence is required to specifically deter this defendant, but more importantly to provide general deterrence. Would-be domestic terrorists must know that crimes of violence committed for political reasons will have

dire punitive consequences. A sixty-month term of imprisonment would help provide deterrence.

5. *The Need to Avoid Unwarranted Sentencing Disparity*

The sentence imposed should be proportionate to the sentences of similarly situated defendants. 18 U.S.C. § 3553(a)(6). The Sentencing Guidelines provide a basis to avoid disparate treatment for similarly situated defendants. Here, the sentence recommended by the Governement is only a modest upward variance applicable in this case and it recognizes that mandatory minimum sentence that Congress deemed appropriate for such cases when convicted for malicious destruction of property in violation of 18 U.S.C. § 844(i). Based on the totality of the sentencing factors, a modest upward variance is appropriate.

6. *Balancing of All § 3553(a) Factors*

In the Government's view, balancing all the relevant factors under § 3553(a) justifies the Government's recommended sentence for Defendant O'Connor's offense conduct.

7. *Mitigating Factors*

The Government believes it is important to note that the defendant accepted responsibility very early on in the prosecution of this case. She did not play games, but rather waived indictment pled guilty to a one-count Information. Further, the defendant also paid full restitution to the victim in this case.[2] The United States, however, has already provided substantial credit to the defendant that has limited her punitive exposure in this case; it did so recognizing the mitigating factors that exist.

[2] The Government is still requesting the Court issue a restitution order in the amount of $43,612, but it acknowledges that the defendant has paid the restitution in full.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court impose a sentence in accordance with the recommendations made herein.

Respectfully submitted,

R. Matthew Price
United States Attorney

By /s/ *William A. Alford III*

William A. Alford III
Assistant United States Attorney
VICDTR-SVU
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on September 18, 2026, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

/s/ *William A. Alford III*
William A. Alford III
Assistant United States Attorney